UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DELVIN CONNER,

              Plaintiff,              Case No. 2:08-cv-149

v.                                         Honorable R. Allan Edgar

(UNKNOWN) HITE et al.,

              Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.       Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). On March 7, 2006, at the request of Nurse (Unknown) Hite, all of Plaintiff's medication was taken from his room by Officers Kleeman, Mason and Naeyaert, purportedly to be inventoried. The medications consisted of one bottle of aspirin, 39 packets of Metamucil fiber, Zantac, and two jars of medicated lotion. None of the medication was returned. Thereafter, Plaintiff suffered stomach pain, headaches, dry and itchy skin, weight loss, high blood pressure, sinus irritation, dizziness, and blurred vision. Plaintiff filed a grievance regarding the unreturned medications. According to Nurse Hite's allegedly false report to the grievance investigator, Sudafed tablets were mixed with the aspirin, the packets of Metamucil were expired, the medicated cream was unlabeled and, consequently, all of the medication was destroyed as trash. William Terwiliger, Nurse Nancy Martin and James Armstrong denied Plaintiff's grievance. On March 10 and 16, 2006, Plaintiff brought the situation to the attention of Physician's Assistant Richard Miller, who refused to intervene. Plaintiff filed a second grievance, which was denied by William Trierweiler, Nurse Nancy Martin and James Armstrong.

Plaintiff brings this suit against the following LMF employees: nurses (Unknown) Hite, Ruby Cheatham, Michelle Horton, and Nancy Martin; Resident Unit Officers Rudolph Kleeman, Douglas Mason, and James Naeyaert; Physician's Assistant Richard Miller; Dentist Charles Simon; Grievance Coordinator William Trierweiler; and Michigan Department of Corrections Manager of Grievance and Appeals James Armstrong. Plaintiff claims that proper procedures were not followed when taking the medications and transferring them to medical

personnel, or when discarding the medications as trash. Plaintiff is asserting Due Process, Equal Protection, and Eighth Amendment claims against Defendants. For relief, he seeks damages in the aggregate amount of $560,000 from each Defendant.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendants Trierweiler, Martin and Armstrong

Plaintiff's sole allegation against Defendants Trierweiler, Martin and Armstrong is that they denied his grievances. However, a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance

or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act). Because Plaintiff has failed to demonstrate that Defendants Trierweiler, Martin and Armstrong engaged in any active unconstitutional behavior, he fails to state a claim against them. Accordingly, I recommend that the complaint against these Defendants be dismissed.

### B.     Due Process

The Fourteenth Amendment's Due Process Clause provides that the state may not deprive a person of his property without due process. Plaintiff's due process claim, however, is barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and authorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation is not "without due process of law." *Id.* at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state policy. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised on Defendants' allegedly unauthorized, intentional acts, he must plead and prove that the State of Michigan does not provide adequate post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). A prisoner's failure to satisfy this burden requires that his § 1983 due process claim be dismissed. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not alleged that state post-deprivation remedies are inadequate. Plaintiff filed grievances regarding Defendants' actions, which he appealed through Step III. *See* MICH. DEP'T OF CORR., 03.02.130, §§ (A)-(LL), (effective July 9, 2007). The fact that Plaintiff did not obtain a favorable outcome from the grievance procedure does not indicate that the procedure was inadequate. *See Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004) ("[A]n adequate post-deprivation process does not require a favorable result for the claimant"). Moreover, the Sixth Circuit has found that the various post-deprivation remedies provided by Michigan are adequate. *See Copeland*, 57 F.3d at 480 ("Michigan provides several adequate post-deprivations remedies . . . ."); *Mulazim v. Corrigan*, 7 F. App'x 427, 430-31 (Plaintiff "has an adequate remedy with the state courts of Michigan"). Prisoners have a right to pursue a claim through the Prisoner Benefit Fund for reimbursement of their lost property. *See* MICH. DEP'T OF CORR., Policy Directive 04.02.110, (effective Jan. 1, 2008). Prisoners may also pursue claims of up to $1,000 through the State Administrative Board, or through the courts if over $1,000. *See* Mich. Dep't of Corr., Policy Directive 04.07.112 (effective Nov. 14, 2004). The fact that the remedies provided by the state do not provide all the relief which may be available under 42 U.S.C. § 1983 does not mean that the state remedies are ineffective. *Parratt,* 451 U.S. at 544. Therefore, pursuant to *Parratt,* I recommend that Plaintiff's due process claims be dismissed.

  **C.**  **Equal Protection**

Plaintiff claims that he was treated unfairly by the Defendants in violation of the Equal Protection Clause of the Fourteenth Amendment, which provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend.

XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. *Id*. at 265-66. A claim that Plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Rather, Plaintiff must show that he was victimized by some suspect classification. *Id*. Absent some allegation that Plaintiff was treated differently because of his race, gender, age, or some other improper classification, he has failed to state an equal protection claim. *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring); *Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 282 (6th Cir. 1991) (a person's conduct is legitimate for purpose of the equal protection clause even though it may have been mean-spirited, ill-considered, or otherwise unjustifiable, objectionable, or unreasonable, so long as it was not motivated by class-based discrimination). Plaintiff has not alleged that any of the Defendants' conduct was motivated by Plaintiff's race, gender, age or other improper classification. Moreover, prisoners are not members of a protected class for equal protections purposes. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

The Supreme Court has recognized that an equal protection claim may be stated by a "class of one," where the plaintiff alleges that he or she has been intentionally treated differently from others who are similarly situated and that there is no rational basis for the difference in treatment. *Village v. Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under a "class of one" theory, a plaintiff must include in his complaint facts that demonstrate disparate treatment of similarly situated individuals. *Id.* at 564; *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004).

Plaintiff fails to allege any facts demonstrating that he was treated differently than other similarly situated prisoners. As Plaintiff's equal protection claim is based merely on his unsupported, generic allegation that his equal protection rights were violated, I recommend that Plaintiff's equal protection claim be dismissed.

        **D.**      **Eighth Amendment**

Plaintiff claims that Defendant Miller violated his Eighth Amendment rights by failing to order the immediate replacement of the medication that had been removed from his cell. When a prison officials' inattention to a prisoner's serious medical need rises to deliberate indifference, such indifference constitutes the "unnecessary and wanton infliction of pain" that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1996). Thus, "the Eighth Amendment does not apply to every deprivation, or even every unnecessary deprivation, suffered by a prisoner, but *only* that narrow class of deprivations involving 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 20 (1992). A prison official cannot be found liable unless the official knows of and disregards an excessive risk to a prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Therefore, a viable Eighth Amendment claim has an objective component requiring a showing of a serious risk of injury, and a subjective component requiring a showing of deliberate indifference. *Id.*

Plaintiff's allegations fail to satisfy either component. Although he alleges that in July 2006, he was diagnosed as having Helicobacter Pylori, which causes inflamation of the inner lining of the stomach, he does not allege that Defendant Miller was aware of this condition in March 2006, when Plaintiff sought Defendant Miller's assistance regarding the confiscated medications.

Accordingly, his allegations fail to demonstrate that Defendant Miller was aware of and deliberately indifferent to a serious risk of harm that Plaintiff may have been facing. When Plaintiff brought his complaints of stomach pain to the attention of the medical department, he obviously was given an examination and appropriate tests were conducted, which led to the diagnosis of Helicobacter Pylori. Plaintiff does not allege that once the diagnosis was made he was denied proper medication or treatment. Moreover, while Helicobacter Pylori is a serious medical condition, Plaintiff has failed to allege which, if any, of the confiscated medications would have prevented or provided treatment for the condition, and therefore, has not demonstrated that removing the particular medications placed him at risk of contracting Helicobacter Pylori or depriving him of treatment for the condition. Accordingly, I recommend that Plaintiff's Eighth Amendment claim be dismissed.

### E. State law

Plaintiff's claims that Defendants failed to comply with Michigan Department of Corrections Policy Directives is a matter of state law. Section 1983, however, does not provide redress for a violation of a state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-81 (6th Cir. 2007); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney*, 501 F.3d at 581 n.2; *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does

not create a protectable liberty interest). Accordingly, I recommend that Plaintiff's complaint be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 5, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).