UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DELVIN CONNER #269170,

    Plaintiff,

v.                                      Case No. 2:08-cv-149
                                                   HON. R. ALLAN EDGAR

UNKNOWN HITE, et al.,

    Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on August 5, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, the Magistrate Judge concluded that Defendants Trierwieler, Martin, and Armstrong were not personally involved in the alleged misconduct. In his objections, Plaintiff merely reiterates the allegations in his complaint and asserts bias on the part of Magistrate Judge Greeley. Therefore, Plaintiff's objection lacks merit.

The Magistrate Judge recommended dismissal of Plaintiff's due process claims pursuant to *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), overruled in part on other grounds *Daniels v Williams*, 474 U.S. 327 (1986). Plaintiff objects to this recommendation by stating that *Parratt* does not apply because Plaintiff's claim involves the denial of medication and a conspiracy.

However, Plaintiff fails to state how these allegations make the holding in *Parratt* inapplicable to this case.  Therefore, Plaintiff's objection lacks merit.

The Magistrate Judge recommended dismissal of Plaintiff's equal protection claims because Plaintiff did not allege any facts demonstrating that he was being treated differently than other similarly situated prisoners.  Plaintiff objects, stating that the removal of his medication without any reason being given violates his equal protection rights.  However, as noted by the Magistrate Judge in the report and recommendation, such an assertion is insufficient to support an equal protection claim.

Plaintiff claims that the Magistrate Judge erred in recommending dismissal of his Eighth Amendment claims because he was removed from Zantac and Metamucil which addressed the symptoms he was experiencing.  However, it is clear from the record that Plaintiff did receive medical attention and treatment for his medical condition.  The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

Plaintiff also notes that the Magistrate Judge erroneously neglected to address his claims against Defendant Maki, or to list her as a defendant in the report and recommendation. In Plaintiff's complaint, he claims that Defendant Maki improperly discarded his medication. In the complaint, Plaintiff notes that on March 27, 2006, Defendant Maki reported:

> Investigation reveals that due to concerns regarding possible misuse of medications the grievant's cell was checked by custody on March 7, 2006. The following medication and related items were found in his cell: Amoxicillin 500 mg, twenty Sudafed tablets mixed with a partial bottle of store bought aspirins, three jars of Eucerin cream without labels, and empty card from Motrin 800 mg, and 42 packages of Metamucil. The medications were given to a nurse who disposed of the expired and unlabeled medications. She set up the prescription medication that was current and appropriately labeled and started to administer it to the grievant on a unit dose basis. She scheduled a chart review for the MSP [medical service provider] for further direction on what to do about the remaining medications. The MSP did see the grievant on March 10th. He assessed the status of his blood pressure but did not order early refill of his current prescription or write new orders for the ones that had expired.

(*See* Plaintiff's complaint, pp. 6-7.) As noted above, where a prisoner claims to have received inadequate medical treatment, the claim does not rise to the level of an Eighth Amendment violation.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.  Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated: 10/16/08                              */s/ R. Allan Edgar*
                                             R. Allan Edgar
                                             United States District Judge